[No. 6220.  Decided December 29, 1906.]

HATTIE E. SWAIN, *Appellant*, v. ED. S. SWAIN, *Respondent*.[1]

DIVORCE—GROUNDS—NONSUPPORT—EVIDENCE—SUFFICIENCY. Where, in an action for a divorce, the evidence shows an absolute abandonment for more than one year, and failure to provide any support for wife or children, by a man of capacity and well able so to do, bringing the case completely within the terms of the statute, there is no discretion, and it is error to refuse a divorce on the ground that the wife had not demanded support, or urged his return, and appeared indifferent as to his maintaining or living with her.

Appeal from a judgment of the superior court for Spokane county, Huneke, J., entered March 26, 1906, dismissing upon the merits an action for divorce. Reversed.

*Barnes & Latimer*, for appellant.

ROOT, J.—This was an action instituted by plaintiff to obtain a decree of divorce from the defendant, upon the ground that the latter had failed and neglected to provide her and their minor children with suitable support. Personal service of summons and complaint was had in Spokane county upon the defendant, who defaulted. Thereupon the prosecuting attorney appeared for the state and resisted the action. From a judgment of dismissal, this appeal is taken.

The evidence showed that, for some months prior to leaving appellant, the respondent had failed to support her or the children; that one morning before they were up, he had departed from his home, and had remained continuously absent ever since, a period of over one year, excepting on two occasions when he called at the house, remaining but a few minutes each time. During his absence he furnished appellant nothing for the support of herself or children, although able to do so; that before leaving them he had incurred indebtedness to the extent of several hundred dollars, which he

[1]Reported in 87 Pac. 1126.

neither discharged nor made any provision to settle, but which was paid by appellant, her daughter, and appellant's parents; that for a considerable time before the separation, and ever since, the principal support of appellant and her family had been provided by herself, daughter, and parents. The court found these facts substantially, and also found "from the testimony and her manner upon the witness stand," that the appellant made no attempt to solicit funds from respondent for her support, and made no objection to respondent's leaving, and had never requested him to furnish her with money, provisions, or support of any kind, or to reimburse her or her parents for the money furnished for the payment of the debts which he accumulated and left, and that she had not requested him to return and live with her or the family, or take her to Idaho, where he had gone, to live with him there, and that she did not desire any support from him and did not desire to live with him as his wife or accept or receive support for herself and children, and was indifferent concerning her attitude toward respondent or his attitude toward her.

We cannot see appellant's "manner upon the witness stand," but a reading of her testimony convinces us of no indifference other than might naturally be expected as a result of the humiliation and neglect to which she had been subjected. It does not appear that appellant knew of respondent's intention to leave her and the family, and her counsel pertinently suggest that her failure to object to his leaving at the time is not extraordinary in view of the fact that she did not know he was going, and that he left while she and the family were asleep. The fact that this woman, who with her family had been abandoned, and left to support themselves or to be the objects of the charity of friends, and to pay the debts which her husband had made and left unsettled, appeared upon the witness stand indifferent to his again living with, or maintaining her, can hardly be characterized as an unusual occurrence

under the circumstances. While this court does not believe in being liberal in the granting of divorces, yet we think that this appellant, by the uncontradicted evidence produced, brought her case so completely within the terms of the statute that there was left no room for judicial discretion. The statute says:

"Divorces may be granted by the superior court on application of the party injured, for the following causes:— . . . (4) Abandonment for one year. . . . (6) the neglect or refusal of the husband to make suitable provisions for his family." Bal. Code, § 5716 (P. C. § 4630).

In this case there was an absolute abandonment for over one year, and there was an absolute neglect on the part of the husband to make suitable provision for his family. There was no excuse shown for the abandonment or for the neglect to provide. On the contrary, it affirmatively appeared that the respondent was a man of health, strength, and capacity sufficient to enable him to well provide for his wife and family, and he was shown to have received considerable sums of money during this period. The established, undisputed facts bringing the case clearly and conclusively within the letter of the statute, the condition of appellant's feelings toward respondent, at the time of the trial, as adverted to in the findings, constituted no legal defense to her action. *Kimble v. Kimble*, 17 Wash. 75, 49 Pac. 216.

The judgment of the honorable superior court is reversed, and the cause remanded with instructions to enter a judgment and decree as prayed for in her complaint.

MOUNT, C. J., DUNBAR, HADLEY, FULLERTON, and CROW, JJ., concur.