# JEWELL *v.* JEWELL

No. 2802

November 5, 1930.                    292 P. 616.

*Thatcher & Woodburn,* for Appellant:

*Milton M. Detch* and *Cooke & Stoddard,* for Respondent:

## OPINION

By the Court, DUCKER, C. J.:

This is an appeal from a decree of divorce in favor of the wife and against the husband on the ground of nonsupport. The trial court found that the defendant, who is appealing here, although an able-bodied man, had failed, refused, and neglected for a period of more than one year to provide for the plaintiff the common necessities of life, and that such refusal, failure and neglect was not the result of poverty on the part of the defendant, which could not be avoided by ordinary industry.

It is claimed by appellant that the evidence is not sufficient to establish such nonsupport as is required by the statute to be a ground for divorce. We think that it is sufficient. The statute provides as the seventh ground for divorce in this state as follows:

"Neglect of the husband, for the period of one year, to provide the common necessaries of life, when such neglect is not the result of poverty on the part of the husband, which he could not avoid by ordinary industry." Rev. Laws, sec. 5838, subd. 7.

This action was commenced on October 19, 1926, and it appears from the testimony that appellant had not given her any money for her support for more than one year prior to the commencement of the action. He gave her $100 in July of the preceding year, and in October, 1925, before the suit was commenced, he gave her $100. She testified that she received nothing from him after that time, either in money, clothing, or provision for her support. During the eight years preceding the trial of the action her only income was $65 per month derived from property which the court found to be her separate property. During this time appellant was an able-bodied man, and was receiving a salary of $150 per

month. These facts are undisputed, and support the finding of nonsupport. It appears from the testimony that respondent had not asked appellant for any money for her support during the year immediately preceding the commencement of the action, and he testified he was willing to support his wife; that she had never made any demand upon him for her support that he did not meet.

From these circumstances, and the fact that during their married life and until a few years before the trial appellant always turned over to respondent a part of his wages for her support, it is urged that his failure to do so during the year preceding the commencement of the action was not willful, and consequently did not amount to nonsupport within the meaning of the statute. There is some evidence in this case from which it could be inferred that the neglect was willful, but, be that as it may, the statute does not prescribe willful neglect as an element of the seventh ground of divorce. Simple neglect is the conduct denounced by the statute. It may arise from shiftlessness as well as from intention. If the husband is able to provide and fails to do so, his good intentions are immaterial. It is his duty to do so unless he is otherwise legally excusable. Swain v. Swain, 45 Wash. 184; 87 P. 1126.

The judgment is affirmed.